NATIONAL BANK OF SOUTH CAROLINA OF SUMTER
v. SHAW *ET AL.*

(141 S. E., 556)

1. APPEAL AND ERROR—ON APPEAL TO SUPREME COURT, BURDEN WAS ON APPELLANT TO SHOW ERROR IN FINDING OF FACT.—On appeal to Supreme Court from judgment directing cancellation of deed and

mortgage, burden was on appellant to show error in findings of fact made by the Circuit Judge.

2. FRAUDULENT CONVEYANCES—HUSBAND'S CONVEYANCE TO WIFE WHO MORTGAGED TO BANK HELD NOT TO CREATE AN UNLAWFUL PREFERENCE.—In creditor's action to set aside conveyance by husband then in financial difficulties to wife, and subsequent mortgage of wife on the property to bank, which property husband had previously sold to brother, receiving bond and mortgage, but, on brother's inability to complete contract, the brothers had agreed to cancellation thereof, evidence *held* not to show that transactions constituted an assignment to the bank with an unlawful preference.

3. FRAUDULENT CONVEYANCES—HUSBAND'S CONVEYANCE TO WIFE, SOUGHT TO BE SET ASIDE BY CREDITOR, HELD BASED ON VALUABLE CONSIDERATION, WHERE WIFE INDORSED NOTE FOR HUSBAND, AND ASSUMED MORTGAGE.—In creditor's action to set aside deed of conveyance from husband to wife and wife's mortgage of such land to bank, *held* that, though deed from husband to wife stated but a nominal consideration for the transfer, transfer was for a valuable consideration, where wife indorsed note for husband, and she assumed a large mortgage debt on the property.

4. FRAUDULENT CONVEYANCES—TRANSFER TO WIFE AND MORTGAGE BY HER TO BANK FOR HUSBAND HELD NOT TO SHOW FRAUD OR CONSPIRACY TO DEFEAT CREDITORS.—In creditor's action to set aside deed of conveyance by husband to wife and wife's mortgage of land to bank, fact that husband had previously sold such land, but, due to difficulties of purchaser, contract had been canceled and property returned, necessitating owner's borrowing money to finance contract and repay sums originally paid him by purchaser, as result of which he conveyed the property to his wife, who in turn mortgaged it to a bank, *held* not to show fraud or conspiracy to defeat creditors.

Before TOWNSEND, J., Sumter, December, 1925. Reversed.

Action by the National Bank of South Carolina, of Sumter, against William Judson Shaw and others to set aside a deed of conveyance and a mortgage. Judgment for plaintiff, and defendants appeal.

The Master's report was as follows:

The undersigned, Master for Sumter County, to whom it was referred to take the testimony offered in this cause

and report the same to the Court, together with his conclusions as to the law and the facts, would respectfully report:

That he has taken the testimony offered, and herewith reports the same to the Court with the following findings of fact and conclusions of law thereon:

On February 26, 1920, W. J. Shaw conveyed to his brother, E. J. Shaw, his plantation in said County, together with all the hay, corn, cows, hogs, fertilizers, and machinery thereon, at the price of $45,000.00. Of this amount $3,000.00 was paid in cash, and $3,000.00 by the transfer from the grantee to grantor of stock of that face value in Eastern Carolina Motor Company and the balance of $39,000.00 was represented by a bond of the purchaser and mortgage of the property.

The purchaser went into possession, and proceeded to cultivate the land, but in the late summer or early autumn the purchaser seems to have realized that he could not cope with the proposition, and the brothers agreed to rescind the transaction by reconveying the property and canceling the bond and mortgage.

Thereupon E. J. Shaw delivered to W. J. Shaw possession of the premises, including the personal property had by him, and all of the crops then unharvested, except one bale of cotton, and the lattter gathered the crops, receiving the profits of the farm for the year. W. J. Shaw reassigned to his brother the $3,000.00 stock, and gave him a mortgage of his interest in certain property in the city to secure the $3,000.00 received by him which he was not at that time able to raise in cash.

But W. J. Shaw had, soon after its receipt by him, pledged the bond and mortgage of E. J. Shaw to Mrs. Clack to secure a loan by her to him of $10,000.00. He applied to her upon making the new agreement with his brother to accept his bond and mortgage of the land in place of that of E. J. Shaw. This Mrs. Clack declined to do, and the transaction

was long delayed for the lack of cash to pay her and release the bond and mortgage for cancellation and enable W. J. Shaw to carry out his agreement of rescission.

W. J. Shaw, through Geo. D. Levy, Esq., applied to the defendant, the City National Bank, for a loan to him of sufficient funds to pay Mrs. Clack and release the bond and mortgage, and offered to secure the loan as well as other obligations of his to the bank by a mortgage of the land. The bank agreed to make the loan on this basis.

Upon examining the title, it appeared that a judgment had been entered against W. J. Shaw, upon which a considerable amount was due, and, at the suggestion of Mr. Levy, the reconveyance was made to Mrs. Shaw, wife of W. J. Shaw, and she executed her bond and mortgage to the bank for $23,450.00, of which $10,400.00 was the new loan, and the balance was existing debt of W. J. Shaw as principal or indorser to the motor company of which he was president and manager. The money consideration in the deed to Mrs. Shaw was nominal, but the real consideration was the assumption of the $23,450.00 debt to the bank as well as the obligation of W. J. Shaw to her by reason of her indorsements of notes of the corporation.

In December, 1922, the plaintiff brought this action praying for the Court to declare null and void the cancellation of the E. J. Shaw bond and mortgage; the conveyance from him to Mrs. Shaw; and the mortgage of Mrs. Shaw to the City National Bank. Plaintiff further demands judgment against W. J. Shaw for the amount of his indebtedness to it as indorser for the said motor company with attorneys' fees, etc., and that the premises in question be sold, and the proceeds applied to the payment of such indebtedness to the plaintiff.

Plaintiff alleges as grounds for his demands that at the times above mentioned, and at the time of the commencement of this action, said W. J. Shaw was insolvent; that

the conveyance to Mrs. Shaw was without consideration; that the transaction with the City National Bank amounted to an assignment with unlawful preference, the bank having knowledge of the purpose and intent of W. J. Shaw; that the series of transactions culminating in the bond and mortgage in question of W. J. Shaw, being insolvent, was carried out for the purpose of hindering, delaying, and defrauding creditors other than the City National Bank; and that E. J. Shaw and Mrs. Shaw assisted in carrying out the unlawful purpose of W. J. Shaw.

The City National Bank denies all the allegations on which plaintiff bases its claim, except the execution and delivery to it of the bond and mortgage in question, particularly any knowledge of the insolvency of W. J. Shaw.

It alleges that the assignment of the E. J. Shaw bond and mortgage to Mrs. Clack was assigned by the plaintiff bank and its attorneys; that W. J. Shaw and E. J. Shaw, in 1920, both being solvent, agreed to the rescission of the sale as above set out; that E. J. Shaw carried out his part of the agreement by delivering to W. J. Shaw the property involved, and that the delay in the performance by the latter of his reciprocal obligations was due to the assignment of the said bond and mortgage to Mrs. Clack, which was not taken up until 15th of August, 1922; that of the amount covered by the mortgage, $10,400.00 was actually advanced by it to pay Mrs. Clack, and that its balance represented debts due it by W. J. Shaw, which she assumed, and denies that the bond and mortgage were taken as an assignment to it or with intent to hinder, delay, or defraud creditors, and alleges that it was a *bona fide* security for existing debts, and not given or taken by way of preference, but was, on the contrary, a lawful *bona fide* transaction.

The defendants, W. J. Shaw and E. J. Shaw, deny the allegation of insolvency and all the other allegations of

the complaint, except the indebtedness of W. J. Shaw to plaintiff, and except as thereinafter admitted.

They set up the above-mentioned sale and the rescission of the transaction a few months later, both parties then being solvent; the performance by E. J. Shaw of his part of the agreement; the delay on the part of W. J. Shaw due to his inability to liquidate his debt to Mrs. Clack, for which the bond and mortgage were pledged; that, at the time of the making of the mortgage to the bank, there were practically no equities in the premises above the amount due Mrs. Clack, which was paid by the City National Bank; that W. J. Shaw had the land conveyed to Mrs. Shaw in consideration of her assuming the debt to Mrs. Clack and securing his other debts to said bank; and that she performed her part of the contract, which was full consideration for the conveyance.

They allege that the bond and mortgage was given to secure valid subsisting debts of W. J. Shaw and Mrs. Shaw to the bank, and was not given by way of assignment nor to hinder, delay, or defraud creditors.

The issues being made up as above set out, the undersigned has taken the testimony offered, and the same is herewith reported.

The first question is whether or not the series of transactions set out above taken together constitute an assignment by W. J. Shaw to the City National Bank with unlawful preference.

It is unnecessary to review all the cases on this subject. They are numerous, and sustain the right of a debtor, even when in financial difficulties, to give one or more creditors a mortgage as security for debt, notwithstanding the almost inevitable consequence is the putting the mortgagee in a more favorable situation than other creditors.

The fact is unquestioned that a large part of the bank's debt represented money advanced at the time of its delivery,

and the balance was included, being the existing obligation, because W. J. Shaw offered the security as an inducement to the bank to make the cash loan.

The following are some of the cases most in point from our Supreme Court: *Porter v. Stricker,* 44 S. C., 193; 21 S. E., 635. *Magovern v. Richard,* 27 S. C., 285; 3 S. E., 340.

The next question is: "Was the conveyance to Mrs. Shaw voluntary, that is, without consideration?" I find that it was not.

It is true that the money consideration stated in the deed was nominal, but the other good and valuable considerations were the assumption by her of the mortgage debt of more than $23,000.00, and there was further consideration in the fact that she was indorser for her husband in a considerable amount.

Was the series of transactions up to and including the mortgage to the bank a fraudulent scheme to hinder and delay other creditors? And did W. J. Shaw, Mrs. Shaw, and the City National Bank conspire together to hinder, delay, and defraud the plaintiff or any other creditor in the collection of their debts? I assume that the attack is based on technical or constructive fraud, for Mr. Rowland, the president of the plaintiff bank, admits in his testimony that he would have taken the same security if offered him, and says that W. J. Shaw "did no moral wrong," and that he himself would have done the same, and further, "I don't mean to put any imputation on the City National Bank or any one else. It is a legal matter."

He admits, also, that he advised Mrs. Clack against accepting W. J. Shaw's mortgage in place of E. J. Shaw's, by which arrangement the former would have taken title in himself, and this case would not have arisen. Any question of moral fraud or conspiracy to defeat creditors may, therefore, be dismissed from further consideration.

There remains only the question of constructive fraud. The attack on this score is based on the fact that, when W. J. Shaw finally succeeded in securing a loan to take up the assignment to Mrs. Clack, a judgment recently recorded against him stood in the way of his taking deed to himself as preliminary to executing the mortgage to the bank, so that the title was made to Mrs. Shaw in order that she might do so.

In this case intention must govern as in the case of preferences.

In *Porter v. Stricker,* 44 S. C., 183; 21 S. E., 635, the Court holds that, to condemn a security given to one creditor as an unlawful preference, there must be an intention to prefer, not merely to secure. In any case, the secured creditor obtains a preference, and the unsecured is correspondingly injured; yet these facts do not avail to invalidate the security, if the intention was merely to secure. The deed in this case was made to Mrs. Shaw in order that she might raise the money to enable her husband to perform on his part his contract with his brother, who had fully performed his engagements. Incidentally, the property was not placed where it would become subject to a judgment, but its disposition was not made for the purpose of defeating the judgment.

The judgment had no lien on the land, as the title was in other than the judgment debtor; neither had it a lien on the E. J. Shaw bond and mortgage. The latter was not in the possession or control of the judgment debtor, but of the assignee, and the judgment debtor could only regain a measure of control, and thus do his duty by this brother by the arrangement which is attacked in this case.

It is hard to see how intention can be held to govern in the case of preferences and not in cases where constructive fraud is the charge.

It is manifest from the evidence that W. J. Shaw agreed to rescind the sale to his brother, because the latter felt unequal to the burden in those troublous times, and not because he was scheming to place any property beyond the reach of his creditors. He received the property back, and enjoyed its income and profits, but was unable at once to do his part by satisfying the bond and mortgage, and would naturally be supremely concerned to effect some arrangement by which he could perform his contract. "An embarrassed or insolvent creditor may sell his property, and if the sale be an honest one in good faith and for a valuable consideration, it is valid and the fact that the purchaser is the wife or other relative of the debtor, though it may in doubtful cases call for a higher degree of proof as to the *bona fides* of the transaction, will not of itself render the sale invalid." 14 Am. & Eng. Cyc., 224. This statement of the law applies to the transfer to Mrs. Shaw.

In *Mitchell v. Mitchell,* 42 S. C., 487; 20 S. E., 411, the Court says: "The presumption of fraud does not arise from the mere act of encumbering his property; that there must appear some proof either of his arrangement to keep what he pretends to convey, or some proof—satisfactory proof—that he is parting with his property in order to evade a creditor; that under our assignment laws, as well as the Statute of Elizabeth, the question is one of intention."

Furthermore, the creditor whose judgment stood in the way of carrying out the rescission as planned is the party who could complain with more reason than the plaintiff.

If the prayer for relief were granted, the diligent creditor who has secured a judgment would be displaced by one who had had considerable security for debt to substitute itself for all other creditors, whether mortgage or judgment, as having first claim on the property which in that case would have been declared to be an asset of W. J. Shaw. This hardly commends itself as equitable.

I find that, at the time of the agreement between the Shaw brothers to rescind the sale, neither of them had been shown to be insolvent; that the conveyance to Mrs. Shaw was not voluntary, but for what was at the time full consideration; that the mortgage to the City National Bank covered $10,400.00 cash advanced at the time, and that the balance represented the existing debts for which W. J. Shaw was liable, and that there was no intention on the part of any of the parties to these transactions to prefer unlawfully one creditor over another, or to hinder, delay, or defraud any creditor.

I conclude, as a matter of law, that there is nothing in the nature of an assignment with unlawful preference, nor of fraud, actual or constructive, in any of the elements of the transaction under review; and that the bond and mortgage of Mrs. Shaw to the said bank is a valid subsisting obligation.

I find that the plaintiff is entitled to judgment against William Judson Shaw upon the evidence of indebtedness proven herein in the sum of $9,118.81 (interest being calculated to July 22, 1925).

[Signed] E. C. HAYNSWORTH,<br>Master for Sumter County.

*Messrs. Lee & Moise,* and *Epps & Levy,* for appellants, cite: *Is mortgage void under the Statute of Elizabeth?:* 38 S. C., 437; 42 S. C., 487; 28 S. C., 444; 64 S. C., 355; 44 S. C., 193. *Is mortgage void under Assignment Act?:* 27 S. C., 285; 12 S. C., 154; 26 S. C., 449; 64 S. C., 354; 109 S. C., 276. *Cases distinguished:* 119 S. E., 582; 129 S. C., 270; 20 S. C., 494; Bail., Eq., 297; 53 S. C., 545; 39 S. C., 209. *When equity gives relief to a creditor, it will do so in behalf of all the creditors, and will marshal the fund among them according to their respective rights:* 37 S. C., 214; 41 S. C., 63; 22 S. C. Eq., 55; 25 S. C. Eq., 46; 27 C. J., 860.

*Messrs. Purdy & Bland,* for respondent, cite: *Transaction void under Statute of Elizabeth:* 119 S. E., 582; 32 S. C., 494. *Cases distinguished:* 37 S. C., 214. *Creditor may proceed in equity to have a deed set aside for fraud, and the land sold for payment of his debt:* 33 S. C., 530; 20 S. C., 503; 94 S. C., 84; 2 Bail., 324.

February 1, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This was an action to set aside a deed of conveyance of E. F. Shaw to Bertha G. Shaw, and the mortgage of Bertha G. Shaw to the City National Bank of Sumter, S. C., an appellant. The cause was first heard by Hon. E. C. Haynsworth, Master of Sumter County, who decided in favor of the validity of the deed and mortgage which were attacked. The plaintiff excepted to the Master's report, and Circuit Judge Townsend reversed the Master, and directed the cancellation of the two instruments.

The cause involved, mainly, questions of fact. The 1-4 burden is upon the appellant to show error in the findings of fact as made by the Circuit Judge. We have examined carefully all evidence in the case, and have reached the conclusion that the Master was correct, and that the Circuit Judge was in error in their respective findings. The report of the Master will be reported.

The judgment of this Court is that the decree of the Circuit Judge appealed from be, and the same is hereby, reversed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE J. WM. THURMOND concur.